Davis, Judge, concurring:
I join in the result and in all of the opinion except the portion which considers whether the period from June 19, 1964, to October 1, 1969, while plaintiff was confined by the military during the court-martial proceedings, should be credited for retirement purposes. The court correctly points out that it is unnecessary to consider this contention,[1] but discusses it nevertheless. I would pretermit the issue completely.
The first reason the opinion gives for not counting “the court-martial period” toward retirement seems to me quite wrong in a case, like this, in which the court-martial determination is entirely quashed (or the accused is acquitted). At least in those circumstances the period of confinement is “active duty” or “active service”.
The second reason expressed by the court raises a difficult problem which we should let go until it has to be resolved. I am not at all sure whether the rule applicable to extended service for hospitalization or like purposes beneficial to the serviceman should apply where the man is held over for a court-martial, and is then acquitted or (as here) freed because there was no court-martial jurisdiction. In that situation the holding-over is not for the serviceman’s benefit, and it may well be that he should be credited with the extra time he was forced to spend in the military for the unilateral purposes of the service.

 To attain the necessary 20 years of creditable service for retirement, plaintiff needs to count both this period of civilian confinement and his period of military confinement. The court points out, for reasons with which I agree, why he cannot count the former. 38 Comp. Gen. 352 (1958) does say, broadly, that a commissioned officer can credit such absent time “for basic pay, retirement and other purposes” — apparently without regard to whether it was due to the officer’s own misconduct. The Army has followed this ruling with respect to the computation of the rate of basic pay (paragraph 10106 of AR 37-104), but there appears to be no similar regulation for computing retirement pay. For the latter, I would reject the General Accounting Office’s general statement as Incorrect and contrary to the purpose of 37 U.S.C. § 503(a) and the other legislation referred to in the court’s opinion. Because of these (or comparable) provisions, enlisted men have long been forbidden to count such absent “misconduct” time for retirement. Without a specific statute or regulation on the point, there is no reason to continue to defer to the Accounting Office’s irrational and merely historical distinction between officers and the enlisted ranks.